IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN KERR, | ) |
| | ) CIVIL ACTION NO. 2:24-cv-805 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY, | ) |
| JACOB PORTER, | ) |
| UNIVERSITY OF PITTSBURGH | ) |
| MEDICAL CENTER (UPMC), | ) |
| a Pennsylvania non-profit corporation, | ) |
| WESTERN PSYCHIATRIC INSTITUTE | ) |
| and CLINIC, a division of UPMC, and | ) |
| JOHN/JANE DOE, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, SUSAN KERR, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action, averring as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).

4.      Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.      Plaintiff, Susan Kerr, is an adult individual residing in Allegheny County, Pennsylvania.

6.      Defendant Allegheny County ("County") is a municipal corporation with offices located at 542 Forbes Avenue, Pittsburgh, Pennsylvania 15219.

7.      Defendant Jacob Porter ("Porter") is an adult individual. Plaintiff believes, and therefore avers, that Defendant Porter is a resident of Westmoreland County, Pennsylvania. At all times relevant to this Complaint, Defendant Porter was employed as a caseworker for Defendant County, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant County.

8.      At all times relevant hereto, Defendant Porter purported to act as an administrator and/or representative for Defendant County and, as such, was responsible for protecting the Plaintiff's interests and rights under Section 302 of the Mental Health Procedures Act ("MHPA"), 50 Pa.C.S. § 302.

9.      Defendant University of Pittsburgh Medical Center ("UPMC") is a Pennsylvania non-profit corporation located at 200 Lothrop Street, Pittsburgh, Pennsylvania, and, at all times relevant hereto, acted by and through its officers, managers, employees, agents and assigns, acting in the full scope of their office, position, employment, agency and assignment.

10.     Defendant Western Psychiatric Institute and Clinic ("Western Psych"), is a division of Defendant UPMC, and provides mental health clinical care to patients, and, at all times relevant hereto, acted by and through its officers, managers, employees, agents and assigns, acting in the

full scope of their office, position, employment, agency and assignment. (Defendants UPMC and Western Psych will hereinafter collectively be referred to as the "hospital Defendants.")

11. At all times relevant to this Complaint, the hospital Defendants were contracted with Defendant County to provide mental health treatment on behalf of Defendant County, including, but not limited to, emergency mental health treatment under Section 302 the MHPA.

12. Defendant John/Jane Doe was, at all times relevant hereto, an employee of the hospital Defendants and acting within the full scope of his or her employment and in accordance with the hospital Defendants' contract with Defendant County.  At all times relevant hereto, Defendant John/Jane Doe was a director at the Defendant Western Psych and, as such, responsible for protecting the Plaintiff's interests and rights under Section 302 of the MHPA.

13. The actions of the Defendants, and each of them, as described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by the Defendants with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiff, and they were done under the color and pretense of the law.  As a direct and proximate result thereof, Defendants violated the Plaintiff's constitutional rights, as described herein.

## FACTUAL ALLEGATIONS

14. Plaintiff is diagnosed with bipolar disorder II, generalized anxiety and complex post-traumatic stress disorder.

15. Prior to August 27, 2023, Plaintiff shared a home with her wife located in Defendant County.

16. On or about August 27, 2023, Plaintiff's wife initiated an Application for Involuntary Emergency Examination and Treatment (hereinafter "the application") through Defendant County.

17. Plaintiff's wife made multiple false statements as the applicant in Part I of the application, which requires the applicant to describe the reasons in which a person is severely mentally disabled and specific behaviors within the last thirty (30) days which supports the application.

18. That same day, based solely on the Plaintiff's wife's false statements in Part I of the application, Defendant Porter completed Part III of the application and granted a warrant for the Plaintiff's emergency involuntary mental health treatment, pursuant to Section 302 of the MHPA.

19. At all times relevant hereto, Defendant Porter purported to act as an administrator and/or representative for Defendant County, and, as such, was responsible for protecting the Plaintiff's interests, property and rights under Section 302 of the MHPA.

20. Plaintiff believes, and therefore avers, that Defendant County failed to properly train Defendant Porter on the proper procedure in completing the application, and specifically Part V of the application, which required that the Plaintiff's interests and property were protected while the Plaintiff was subjected to emergency involuntary mental health treatment, as more fully described hereinafter below.

21. Pursuant to Section 302(c) of the MHPA, "the county administrator or the director of the facility shall… take reasonable steps to assure that while the person is detained, the health and safety needs of any of his dependents are met, and that his personal property and the premises he occupies are secure."

22. On August 27, 2023, at or about 12:00 p.m., law enforcement officers executed the aforementioned warrant signed by Defendant Porter, removed the Plaintiff from her home and property, and transported the Plaintiff to Defendant Western Psych's location for evaluation.

23. At all times relevant hereto, the hospital Defendants were contracted with Defendant County to provide mental health services on behalf of Defendant County, including, but not limited to, emergency mental health treatment described in Section 302 of the MHPA. Therefore, at all times relevant hereto, the hospital Defendants and Defendant Doe, were acting on behalf of Defendant County.

24. Upon the Plaintiff's arrival, the hospital Defendants and Defendant Doe willfully and/or with gross negligence failed to complete Part IV of the application, which required that the Plaintiff be explained her rights, and/or Part V of the application, which required that the Plaintiff's personal property and the premises she occupies were secure.

25. As described hereinbefore above, pursuant to Section 302(c) of the MHPA, "the county administrator or the director of the facility shall… take reasonable steps to assure that while the person is detained, the health and safety needs of any of his dependents are met, and that his personal property and the premises he occupies are secure."

26. Defendant Porter, the hospital Defendants, and/or Defendant Doe, willfully and/or with gross negligence failed to follow the aforementioned procedure for an emergency examination and treatment in that they did not complete Part IV and Part V of the application.

27. Immediately following the Plaintiff's removal from her home by law enforcement officers, Plaintiff's wife changed the locks of the home so that the Plaintiff would be unable to return. Plaintiff's personal property and pets remained inside the home.

28.     Defendant Porter, the hospital Defendants, and/or Defendant Doe willfully and/or with gross negligence took no steps to secure the Plaintiff's premises that she occupies, her home, pursuant to Section 302(c) of the MHPA and Part V of the application.

29.     Plaintiff believes, and therefore avers, that Defendant Porter, the hospital Defendants, and/or Defendant Doe knew, or should have known, the Plaintiff's rights under Section 302 of the MPHA, including the Plaintiff's right to have her property and the premises that she occupies protected, and the Defendants were deliberately indifferent to those rights.

30.     As a direct and proximate result of the Defendants' willful wrongdoing and/or gross negligence in failing to secure the Plaintiff's property and the premises that she occupies, Plaintiff's wife changed the locks of the Plaintiff's home and the Plaintiff was unable to return to her home and her property.

31.     Defendant Doe and/or another employee of the hospital Defendants spoke to the Plaintiff's wife by telephone sometime after the Plaintiff arrived at Defendant Western Psych. At that time, Plaintiff's wife had advised that employee of the hospital Defendants and/or Defendant Doe that she had changed the locks of their shared home and that she did not want the Plaintiff to return to the home.

32.     The employees of the hospital Defendants, including Defendant Doe, willfully and/or with gross negligence, failed to inform the Plaintiff of the aforementioned information described at Paragraph 31.

33.     Defendant Porter, the hospital Defendants and/or Defendant Doe also did not complete Part IV of the application, which requires that the Plaintiff be explained her rights upon her arrival to the facility, pursuant to Section 302 of the MHPA.

34. Plaintiff was evaluated by a physician at Defendant Western Psych. That physician determined that that Plaintiff was not in need of emergency involuntary mental health treatment.

35. At or about 5:00 p.m., on August 27, 2023, Plaintiff was discharged from Defendant Western Psych.

36. Thereafter, Plaintiff was unable to return to her locked home and was unable to retrieve her personal property. Plaintiff was also denied possession of her pets.

37. Plaintiff was given some of her personal property on or about September 9, 2023. Plaintiff was permitted to see her pets in about December of 2023.

38. As a direct and proximate result of the willful wrongdoing and/or gross negligence by the Defendants, and each of them, as described hereinbefore above, Plaintiff was unable to return to her home and regain her property and ownership of her pets until on or about March 10, 2024.

39. As a result of the Defendants' actions, and each of them, as described hereinbefore above, Plaintiff was denied access to her home, her property and her pets.

40. In or about 2014, Defendant's County Controller, Chelsea Wagner ("Wagner"), published a Contract Compliance Procedures for Behavioral Health Crisis Services Applied to Contracts between the Allegheny County Department of Human Services and Western Psychiatric Institute and Clinic for the Period January 1, 2012 through June 30, 2013. That publication contained findings that "DHS Needs to Strengthen the Controls Surrounding the Documentation of the 302 process."

41. Plaintiff believes, and therefore avers, that Defendant County was aware of deficiencies in the documentation of "the 302 process" and has not corrected the deficiencies which resulted in a violation of her rights, as described herein.

42. Plaintiff believes, and therefore avers, that it was, and is, a pattern, practice, and/or custom that representatives of Defendant County fail to properly follow Section 302 of the MHPA and the requirements of its Application for Involuntary Emergency Examination and Treatment.

43. As a direct and proximate result of the willful and/or grossly negligent failures of the Defendants, and each of them, to protect the Plaintiff's interest in her property and home, as described hereinbefore above, Plaintiff was deprived of her home and property for approximately one hundred and ninety-six (196) days.

44. Defendants, and each of them, are required to provide the services outlined in Parts IV and V of the application, including, but not limited to, ensuring that a person's personal property and the premises that a person occupies are secure when that person is subjected to involuntary mental health treatment.

45. Plaintiff believes, and therefore avers, that the Defendants, and each of them, discriminated against her because of her disability, by depriving her of the aforementioned services provided in Parts IV and V of the application.

46. Plaintiff believes, and therefore avers, that Defendant Porter, the hospital Defendants, and/or Defendant Doe knew, or should have known, the Plaintiff's rights under Section 302 of the MPHA, including the Plaintiff's right to have her property and the premises that she occupies protected, and the Defendants were deliberately indifferent to those rights.

47. Plaintiff believes, and therefore avers, that the Defendants were that Plaintiff was not provided the services in Parts IV and V of the application, as more fully described hereinbefore above, and that the Defendants were deliberately indifferent to the Plaintiff's rights under the MPHA, as described hereinbefore above.

48. As a direct and proximate result of the failures of the Defendants, and each of them, Plaintiff lost her property and home, as described hereinbefore above.

49. Plaintiff believes, and therefore avers, that the actions and failures of the Defendants, as described hereinbefore above, were done willfully and/or with gross negligence.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiff's constitutional rights under color of law.

52. Pursuant to Section 302(c) of the MHPA, "the county administrator or the director of the facility shall… take reasonable steps to assure that while the person is detained, the health and safety needs of any of his dependents are met, and that his personal property and the premises he occupies are secure."

53. As more fully described hereinbefore above, Defendants willfully and/or with gross negligence failed to complete Part IV and Part V of the application, pursuant to the MHPA.

54. Plaintiff believes, and therefore avers, that the actions and failures of the Defendants, as described hereinbefore above, were done willfully and/or with gross negligence.

55. Plaintiff believes, and therefore avers, that Defendant County failed to properly train Defendant Porter on the proper procedure in completing the application, and specifically Part IV and Part V of the application, as more fully described hereinafter below.

56. Plaintiff believes, and therefore avers, that it was, and is, a pattern, practice, and/or custom that representatives of Defendant County fail to properly follow the MHPA and the requirements of the Application for Involuntary Emergency Examination and Treatment.

57. Plaintiff believes, and therefore avers, that Defendant County was aware of deficiencies in the documentation of "the 302 process" and has not corrected the deficiencies which resulted in a violation of her rights, as described herein.

58. At all times relevant hereto, the hospital Defendants were contracted with Defendant County to provide mental health services on behalf of Defendant County, including, but not limited to, mental health services described in Section 302 of the MHPA. Therefore, at all times relevant hereto, the hospital Defendants and Defendant Doe, were acting on behalf of Defendant County.

59. At all times relevant hereto, Plaintiff had a constitutionally protected interest in owning and using her property, including her home and her pets.

60. As a direct and proximate result of the Defendants' actions, and each of them, Plaintiff was denied her property and the premises that she occupied.

61. The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff thereby subjecting those Defendants to punitive damages.

62. As a direct and proximate result of the Defendants' actions, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States were violated;

    b. Plaintiff suffered severe emotional distress;

    c. Plaintiff was denied use of her property and home and ownership of her pets;

    d. Plaintiff suffered economic damages; and

    e. Plaintiff suffered other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Porter and Doe; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT COUNTY

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983, THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>MUNICIPAL LIABILITY</u>

63. Plaintiff incorporates by reference Paragraphs 1 through 62 as though fully set forth at length herein.

64. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant County for violations of Plaintiff's constitutional rights under color of law

65. Plaintiff believes, and therefore avers, that it was, and is, a pattern, practice, and/or custom that representatives of Defendant County fail to properly follow the MHPA and the requirements of the Application for Involuntary Emergency Examination and Treatment.

66. Plaintiff believes, and therefore avers, that Defendant County failed to properly train Defendant Porter on the proper procedure in completing the application, and specifically Part IV and Part V of the application, as more fully described hereinafter below.

67. Plaintiff believes, and therefore avers, that Defendant County was aware of deficiencies in the documentation of "the 302 process" and has not corrected the deficiencies which resulted in a violation of her rights, as described herein.

68. As described hereinbefore above, the hospital Defendants were contracted with Defendant County to provide mental health services on behalf of Defendant County, including, but not limited to, emergency mental health treatment described in the MPHA, and specifically Section 302.

69. By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C. §1983 and under the Fourteenth Amendments to the Constitution of the United States were violated by Defendant County.

70. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant County, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States were violated;

    b. Plaintiff suffered severe emotional distress;

c.  Plaintiff was denied use of her property and home and ownership of her pets;

d.  Plaintiff suffered economic damages; and

e.  Plaintiff suffered other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant County in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF
v.
DEFENDANTS COUNTY, WESTERN PSYCH, AND UPMC

VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C.S. § 12131 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

71. Plaintiff incorporates by reference Paragraphs 1 through 70 as though fully set forth at length herein.

72. The Americans with Disabilities Act ("ADA"), 42 U.S.C.S. § 12131 et seq., provides disabled individuals redress for discrimination by a public entity, which includes state or local governments, as well as their agencies and instrumentalities.

73. Pursuant to the ADA, Plaintiff had the right to all services, programs, and activities provided or made available by Defendants, including services provided to persons subjected to involuntary mental health treatment.

74. Plaintiff has a permanent mental health disability under the ADA.

75. Defendants, and each of them, are required to provide the services outlined in Parts IV and V of the application, including, but not limited to, ensuring that a person's personal property and the premises that a person occupies are secure when that person is subjected to involuntary mental health treatment.

76. Plaintiff believes, and therefore avers, that the Defendants, and each of them, discriminated against her because of her disability, by depriving her of the aforementioned services provided in Parts IV and V of the application.

77. Plaintiff believes, and therefore avers, that Defendant Porter, the hospital Defendants, and/or Defendant Doe knew, or should have known, the Plaintiff's rights under Section 302 of the MPHA, including the Plaintiff's right to have her property and the premises that she occupies protected, and the Defendants were deliberately indifferent to those rights.

78. Plaintiff believes, and therefore avers, that the Defendants were that Plaintiff was not provided the services in Parts IV and V of the application, as more fully described hereinbefore above, and that the Defendants were deliberately indifferent to the Plaintiff's rights under the MPHA, as described hereinbefore above.

79. As a direct and proximate result of the failures of the Defendants, and each of them, Plaintiff lost her property and home, as described hereinbefore above.

80. The discriminatory acts of the Defendants deprived Plaintiff of her right to due process of law and various other statutory protections.

81. As a direct and proximate result of the Defendants' actions, Plaintiff suffered the following injuries and damages:

   a. Plaintiff's rights under the ADA and her constitutional rights under the Fourteenth Amendment to the Constitution of the United States were violated;

    b.       Plaintiff suffered severe emotional distress;

    c.       Plaintiff was denied use of her property and home and ownership of her pets;

    d.       Plaintiff suffered economic damages; and

    e.       Plaintiff suffered other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: June 4, 2024