IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN KERR, | ) |
| | ) |
| Plaintiff, | ) No. 2:24-cv-00805-RJC-KT |
| | ) |
| v. | ) |
| | ) District Judge Robert J. Colville |
| ALLEGHENY COUNTY, JACOB PORTER, UNIVERSITY OF PITTSBURGH MEDICAL CENTER (UPMC), a Pennsylvania non-profit corporation, WESTERN PSYCHIATRIC INSTITUTE AND CLINIC, a division of UPMC, and JOHN/JANE DOE, | ) Magistrate Judge Kezia O. L. Taylor |
| Defendants. | ) |

## ORDER OF COURT

Currently pending before the Court is the Report and Recommendation (ECF No. 29) filed by the Honorable Kezia O. L. Taylor in the above-captioned matter. Judge Taylor's February 14, 2025 Report and Recommendation recommends that the Court grant, with prejudice, the Motion to Dismiss (ECF No. 10) filed by Defendants, UPMC, Western Psychiatric Institute and Clinic, and John/Jane Doe ("UPMC Defendants"), and grant, with prejudice, the Motion to Dismiss (ECF No. 26) filed by Allegheny County and Jacob Porter ("County Defendants"). Objections to the Report and Recommendation were due by February 28, 2025. Plaintiff filed timely Objections (ECF No. 30) to the Report and Recommendation on February 28, 2025. UPMC Defendants filed a Response (ECF No. 32) to the Objections on March 14, 2025. The Court considers this matter to be ripe for disposition.

1

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id.* "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon a de novo review of Judge Taylor's Report and Recommendation, UPMC Defendants' Motion to Dismiss, County Defendants' Motion to Dismiss, Plaintiff's Objections to the Report and Recommendation, and UPMC Defendants' Response to Plaintiff's Objections, and following a review of all relevant docket entries, the Court agrees with the analysis and conclusions set forth in the Report and Recommendation, and will accept and adopt the Report and Recommendation as the Opinion of the Court, subject to the modification that the Court will allow Plaintiff to amend her claims as described below.

Plaintiff objects to the following four findings made in the Report and Recommendation:

1. The finding that Defendant UPMC is not a state actor;

2. The finding that the Defendants' failure to complete Part IV of the Application for Involuntary Emergency Examination and Treatment ("the application") which required that the Plaintiff be explained her rights, and Part V of the application, which required that the Plaintiff's personal property and the premises she occupies [be] secure, did not constitute[] a violation of Plaintiff's procedural due process rights pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983;

3. The finding that Plaintiff has not pled a viable claim pursuant to Title II of the Americans with Disabilities Act ("ADA"); and

4. The finding that Plaintiff's Municipal Liability Claim must be dismissed.

Obj. 4.  The Court will address each objection in turn.

3

Starting with Plaintiff's Objection that Judge Taylor improperly found that UPMC Defendants are not state actors. In reviewing the applicable law, the Court agrees with Judge Taylor's finding that Plaintiff has failed to plead sufficient facts for the Court to find that UPMC Defendants are state actors for purposes of Plaintiff's Section 1983 claim. Plaintiff's Complaint simply alleges that "[a]t all times relevant hereto, the [UPMC] Defendants were contracted with [County Defendants] to provide mental health services on behalf of [County Defendants], including, but not limited to, mental health services described in Section 302 of the [Mental Health Procedure Act]. Compl. ¶¶ 23, 58. As detailed by Judge Taylor, the mere existence of a contractual relationship with the state is insufficient to find that a hospital is a state actor. *See Cmty. Med. Ctr. v. Emergency Med. Servs.*, 712 F.2d 878, 881 (3d Cir. 1983); *see also Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015); *see also Hovis v. County of Lebanon*, Civil No. 1:24-CV-355, 2024 WL 4631830, at *12 (M.D. Pa. Oct. 30, 2024); *see also Manley v. Horshal Clinic*, No. CIV. A. 00-4904, 2001 WL 894230, at *6 (E.D. Pa. Aug. 9, 2021). For this reason, Plaintiff has failed to allege that UPMC Defendants are state actors.

While the Court agrees with Judge Taylor's findings that Plaintiff has failed to set forth facts that UPMC Defendants are state actors, the Court disagrees with Judge Taylor's finding that amendment would be futile. Courts in the Third Circuit have found, in limited circumstances, that hospitals that contract with a county to treat involuntarily committed patients are state actors, and, therefore, amendment would not be futile. As such, Plaintiff's Objection is overruled to the extent it argues that Judge Taylor improperly found that UPMC Defendants are not state actors, but is sustained, to the extent the Court finds that amendment would not be futile. This said, amendment is subject to Plaintiff's ability to amend her Section 1983 claim as detailed below.

The Court now turns to Plaintiff's second Objection, that Judge Taylor improperly found that Defendants did not violate Plaintiff's due process rights, pursuant to Section 1983, when they failed to complete Parts IV and V of the application.  Plaintiff argues that her due process claim is based on Defendants' failure to complete the application and follow their own procedures, and not just Defendants' failure to comply with the MHPA, as analyzed by Judge Taylor.  Obj. 11. Plaintiff argues that the application at issue was adopted by County Defendants for the purpose of involuntarily committing someone, and that the failure of Defendants to complete this application, i.e. the failure to Defendants to follow its own process, is a violation of Plaintiff's due process rights.  *Id.*

The distinction is one without a difference.  Judge Taylor properly found that "Section 1983 does not provide a cause of action for violations of state statutes[,]" which includes the MHPA.  R&R 10.  Additionally, Defendants' failure to follow its own process—the completion of the application—does not provide a cause of action under Section 1983.  The application itself is based on the MHPA, and "violations of state statutes or rules or regulations that require certain procedures, which are not compelled by the Federal Constitution . . ., do not make out a claim under Section 1983." *Lee v. Schrader*, No. 2:13cv1757, 2014 WL 2112833, at *5 (W.D. Pa. May 20, 2014); *see Smith v. Pennsylvania*, Civil Action No. 21-5473, 2022 WL 3139854, *7 (E.D. Pa. Aug. 4, 2022) (finding that plaintiff's Section 1983 claim failed because the policy plaintiff alleged defendant violated was nothing more than the defendant's enforcement of the MHPA).  For this reason, Judge Taylor properly dismissed Plaintiff's due process claim, based on allegations that Defendants failed to properly complete the application or comply with the MHPA.

Outside of the above argument, Plaintiff argues that Judge Taylor "seemingly disregards any due process rights in the involuntary civil commitment process, contrary to the Supreme

Court's acknowledgement in *Addington*." Obj. 13 n.4. Judge Taylor did not directly address *Addington*, however, Plaintiff ignores the fact that she has raised no substantial argument in either her Objections or briefing on the Motions to Dismiss, or any allegations in her Complaint, that identifies why the Supreme Court's holding is applicable to this case. Plaintiff instead simply states that in *Addington*, the Supreme Court found that involuntary commitment implicates a liberty interest protected by the due process clause. *See Addington v. Texas*, 441 U.S. 418, 425 (1979).

However, Plaintiff fails to address "the fact that in light of *Addington* and other cases concerning due process in civil cases, Pennsylvania courts have decided to construe commitments pursuant to [the MHPA] to require proof by clear and convincing evidence that a person represents a clear and present danger to himself or others." *Keyes v. Lynch*, 1:15-cv-457, 2015 WL 13594907, *10 (M.D. Pa. Nov. 9, 2015). This means, that due process requires that an individual be found to be a danger to herself, before she be involuntarily committed. *See Covell v. Smith*, Civil No. 95-501, 1996 WL 750033, at *4 (E.D. Pa. Dec. 30, 1996). Here, Plaintiff's allegations center around violations of the MHPA and not violations of Plaintiff's due process rights as protected by the Fourteenth Amendment, such as by a violation of the above standard of proof. Additionally, the Court maintains no particular confidence that Plaintiff can, in fact, allege in good faith that such a violation occurred in light of Plaintiff's failure, to date, to raise any such allegations. However, to the extent Plaintiff is able to assert such allegations in good faith, the Court will allow Plaintiff to amend her complaint.

The Court now turns to Plaintiff's third Objection, that Judge Taylor improperly found that Plaintiff had failed to allege a viable claim pursuant to the ADA against Defendant, Allegheny County. Obj. 13. Judge Taylor found that Plaintiff's ADA claim would fail "because there are no

6

facts to suggest that she was denied services based on her disability." R&R 15.  In coming to this conclusion, Judge Taylor relied on Plaintiff's allegations concerning a "2014 study [that] put County Defendants on notice of deficiencies related to completing necessary paperwork related to 'the 302 process.'"  *Id.* (internal citations omitted).  Judge Taylor found that Plaintiff's own allegations that County Defendants' failure to complete necessary paperwork impacted other individuals, was enough to dismiss Plaintiff's ADA claim.  *Id.*

The Court agrees with Judge Taylor's finding that Plaintiff has failed to state a claim under the ADA.  Plaintiff has not adduced sufficient facts to demonstrate that, but for her disability, Allegheny County would not have denied her services.  However, while making no ruling on the likely or ultimate viability of such a claim, the Court acknowledges Plaintiff's argument that she is attempting to allege a pattern or practice of discrimination, and, in an abundance of caution, the Court will allow Plaintiff to amend her claim, if in good faith she can do so.

Finally, the Court turns to Plaintiff's fourth Objection, that Plaintiff has pled a viable municipal liability claim against Defendant, Allegheny County.  Obj. 12.  Judge Taylor dismissed Plaintiff's municipal liability claim based on the finding that Plaintiff had failed to plead a valid Section 1983 claim and, therefore, had not alleged any constitutional violation in this case.  R&R 12.  Plaintiff argues that because she has pled a valid Section 1983 claim, she has pled a valid municipal liability claim.  Judge Taylor is correct that Plaintiff's municipal liability claim should be dismissed based on the finding that Plaintiff has failed to plead a valid Section 1983 claim. However, as stated above, the Court will allow Plaintiff to amend her Section 1983 claim. Therefore, should Plaintiff be able to plead a valid Section 1983 claim as detailed above, the Court will hear any further argument on Plaintiff's municipal liability claim.

Upon consideration of Judge Taylor's February 14, 2025 Report and Recommendation, and following a de novo review of the relevant docket entries and the entire record in this matter, it is hereby ORDERED as follows:

The Court hereby accepts and adopts Judge Taylor's February 14, 2025 Report and Recommendation as the Opinion of the Court, with the modification that the Court will permit leave for Plaintiff to amend her claims as detailed by the Court above. Plaintiff's Objections to the Report and Recommendation are sustained, to the extent they ask that the Court allow her to amend her claims, and are otherwise, overruled. It is further ordered that UPMC Defendants and County Defendants Motions to Dismiss are granted. It is further ordered that Plaintiff shall file any amended complaint by April 28, 2025.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 28, 2025

cc: Honorable Kezia O. L. Taylor
    United States Magistrate Judge

    All counsel of record